**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL HANCE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| LYFT, INC., and LALO BAJO | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

COMES NOW Lyft, Inc. ("Lyft"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), hereby removes this action from the Circuit Court of the Twenty-First Judicial Circuit of Missouri, St. Louis County, to the United States District Court for the Eastern District of Missouri, Eastern Division.  As grounds for this removal, defendants state as follows::

1.      On April 22, 2026, Plaintiff filed a Petition against Lyft and Lalo Bajo in the Circuit Court of St. Louis County, Missouri entitled *Michael Hance v. Lyft, et al*, Cause No. 26SL-CC03282.  A true and correct copy of the Petition is attached hereto as **Exhibit A** and incorporated herein by reference.

2.      On June 22, 2026, Lyft received a summons and a copy of Plaintiff's Petition.

3.      Plaintiff generally avers personal injuries resulting from a December 2024 car accident in St. Louis County, Missouri. *See* Petition, **Ex. A** ¶ 7-14.  Plaintiff seeks to recover from Lyft under a theory of vicarious liability. *Id.* Count I.

4.      Plaintiff avers that he is a resident of the State of Oklahoma. **Ex. A** ¶ 1.

5.      Plaintiff avers that Defendant Bajo is a resident of the State of Illinois. *See* Petition, **Ex. A** ¶ 3.

6.      Lyft is incorporated and existing under the laws of the State of Delaware and its principal place of business is in San Francisco, California.

7.      Thus, there is complete diversity between the parties.

8.      Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii) and (B), "the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) …."

9.      Plaintiff claims he suffered damages including, "serious, panful, and permanent injuries, including but not limited to his head, neck, back, and right shoulder." Petition, **Ex. A**, ¶ 22.  Plaintiff further claims his injuries "are permanent, serious, and progressive in their nature." Petition, **Ex. A**, ¶ 24.  The seriousness and nature of the injuries alleged in the Complaint places Plaintiff's claimed damages beyond $75,000 in controversy.  *See Haynes v. Louisville Ladder Group, LLC*, 341 F. Supp. 2d 1064, 1068-69 (E.D. Ark. 2004).  In addition to compensatory damages, Plaintiff requests that Plaintiff be awarded "costs." Petition, **Ex. A**.

10.     For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship, and the Plaintiff's claims for monetary damages set the amount in controversy over $75,000.  Removal of the state court action to this Court is therefore appropriate under 28 U.S.C. § 1441(b).

11.     Venue is initially proper under 28 U.S.C. §§ 83(a)(1) and 1441(a) because this Court is the district court and division embracing the place where the state court action is pending.[1]

12.     Pursuant to 28 U.S.C. § 1446(a), a copy of the file for the state court action, including a copy of all process, pleadings and orders served as of the date of this filing, is attached hereto as **Exhibit B** and incorporated herein by reference.

13.     Lyft was served with process in the state court action on June 22, 2026. *See* Service of Process Transmittal Summary attached as **Exhibit C** and incorporated herein by reference.

14.     Removal of this action is timely under 28 U.S.C. § 1446(b) because the original Notice of Removal was filed within thirty days after receipt through service or otherwise, of a copy of the pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  Moreover, this Notice of Removal was filed within one year after commencement of the action.

15.     Pursuant to 28 U.S.C. § 1446(d), contemporaneous with this filing, Lyft is serving a copy of this Notice of Removal upon Plaintiff and filing a copy with the Clerk of the Circuit Court of the City of St. Louis, Missouri.  Lyft will thereafter file a copy of a Notice of Filing of the Notice of Removal with the Circuit Court of the City of St. Louis, Missouri.

16.     No defendant has filed an Answer or otherwise responded to Plaintiff's Complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Lyft will respond to Plaintiff's Petition within seven (7) days of the filing of this Notice of Removal.

17.     Lyft reserves the right to supplement this Notice of Removal and/or to present additional arguments in support of its entitlement to removal.

---

[1] The ultimate venue for Plaintiff's claim against Lyft is arbitration pursuant to Plaintiff and Lyft's contract.

18.     No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

WHEREFORE, Defendant Lyft, Inc. request that this Honorable Court approve removal of the above-referenced action to the United States District Court for the Eastern District of Missouri, Eastern Division.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:/s/ *S. Ben Warren*
     Tracy J. Cowan, #40229 MO
     S. Ben Warren, #68468 MO
     100 S. 4th Street, Suite 500
     St. Louis, Missouri 63102
     (314) 685-8346 – Phone
     (314) 685-8347 – Facsimile

     Tracy.Cowan@lewisbrisbois.com
     Ben.Warren@lewisbrisbois.com

     ***Attorneys for Defendant Lyft, Inc.***

178838493.1