Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

**CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **MICHAEL HANCE,** | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) Cause No.: |
| **v.** | ) |
| | ) Division: |
| **LYFT, INC.,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Serve: CT Corporation | ) |
| 5661 Telegraph Road | ) |
| Ste. 4B | ) |
| St. Louis, MO 63129 | ) |
| | ) |
| And | ) |
| | ) |
| **LALO BAJO**, | ) |
| | ) |
| Serve: 1320 Denison Drive | ) |
| Apartment C | ) |
| Springfield, IL 62704 | ) |
| | ) |
| **Defendants.** | ) |

## PETITION

COMES NOW, Plaintiff MICHAEL HANCE ("Plaintiff" or "Hance"), by and through his undersigned counsel, Gregory D. Vescovo, Jr. of Morgan & Morgan, P.A., and for his cause of action against Defendants, LYFT, INC.("Defendant" or "Lyft") and LALO BAJO ("Defendant" or "BAJO")(collectively "Defendants"), states to the Court as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff Michael Hance was and is a citizen and resident of the State of Oklahoma.

2. At all relevant times hereto, Defendant Lyft, Inc is a California corporation with its principal place of business located at 185 Berry St Suite 400 San Francisco, California 94107, and,



EXHIBIT A

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

on information and belief, Defendant LYFT, INC., through its agents and/or employees, regularly conducted, transacted, and solicited business throughout the State of Missouri.

3. At all times material hereto, Defendant Lalo Bajo was and is a citizen and resident of the State of Illinois, upon information and belief, was an agent or employee of Defendant LYFT, INC., operating within the course of his employment as an LYFT, INC. driver in the State of Missouri.

**VENUE AND PERSONAL JURISDICTION**

4. Venue is proper in the Circuit Court of St. Louis County pursuant to MO. REV. STAT. §508.010 because Plaintiff was first injured in St. Louis County.

5. Jurisdiction is proper over the Defendants in the State of Missouri pursuant to at least MO. REV. STAT. §506.500 because Defendant committed tortious acts herein described within the State of Missouri.

6. Defendant Lalo Bajo is a citizen and resident of the State of Missouri, and as such, Defendants are prohibited from removing this action to federal court under 28 U.S.C §1441(b).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7. That on or about December 25, 2024, Defendant Bajo was operating a motor vehicle on westbound on Highway 40 in St. Louis County, Missouri.

8. That on or about December 25, 2024, Plaintiff was a restrained passenger in the vehicle being operated by the Defendant Bajo in St. Louis County, Missouri.

9. That at all times relevant hereto, Defendant Bajo was an agent and/or employee of LYFT, INC., acting within the course and scope of his employment with LYFT, INC.

10. That the motor vehicle being operated by Defendant Bajo is owned by Defendant Bajo and operated at the direction and benefit of Defendant LYFT, INC..

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

11. That the motor vehicle was traveling in, was being operated in a generally western direction on Highway 40.

12. That Highway 40 is a public thoroughfare which passes through, among other areas, in St. Louis County, Missouri.

13. That Defendant Bajo failed to keep a proper lookout, failed to slacken his speed, of the vehicle in which Plaintiff was a restrained passenger in, and lost control, spun three times and collided with a concrete median.

14. That Plaintiff did not have a chance to avoid the collision due to its sudden and unforeseeable nature, and the aforementioned events occurred with no negligence on the part of Plaintiff, as Plaintiff was a restrained passenger in the vehicle that Defendant Bajo was operating.

**COUNT I**
**Plaintiff v. LYFT, INC.**
**(Negligence -- Respondeat Superior)**

15. Plaintiff hereby incorporate the above allegations by reference, as though fully set forth herein.

16. That at the time of the incident, Defendant Bajo was, upon information and belief, an agent and/or employee of Defendant LYFT, INC. at the time of the collision, and, as such, Defendant LYFT, INC. is liable for the negligent acts and omissions of Defendant Bajo under the theory of respondeat superior.

17. That Defendant LYFT, INC. negligently hired, retained, trained, and supervised Defendant Bajo.

18. That the time of the incident, Defendant LYFT, INC., through its agent and/or employee Defendant Bajo, owed all members of the public, including Plaintiff, the highest duty of care.

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

19. That the injuries and damages alleged by Plaintiff were directly and proximately caused by Defendant LYFT, INC., through the negligence committed by its agent and/or employee Defendant Bajo, in at least the following respects, to wit:

a. Defendant Bajo failed to exercise the highest degree of care to keep a careful lookout while operating his motor vehicle;

b. Defendant Bajo failed to exercise the highest degree of care when he failed to operate his motor vehicle at a safe speed;

c. Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the curb, he failed to swerve with an appropriate distance and speed to avoid the collision with the curb;

d. Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the concrete median, he failed to stop, but failed to do so;

e. Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the concrete median, that he could have slackened speed, but failed to do so;

f. Defendant Bajo failed to exercise the highest degree of care when he failed to keep Defendant Lyft's commercial vehicle from coming in contact with the concrete median, thereby injuring the Plaintiff, a restrained passenger;

20. That each and all of the aforesaid acts and violations of law by Defendant Bajo, both of commission and of omission, were negligent and constituted negligence.

21. That each and all of the aforesaid acts and violations of law by Defendants, both of

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

22. That as a direct and proximate result of the aforesaid acts by Defendants, both of omission and commission, Plaintiff suffered serious, painful, and permanent injuries, including but not limited to his head, neck, back, and right shoulder.

23. That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses.

24. That Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff MICHAEL HANCE prays this Court enter judgment in favor of Plaintiff on Count I of his Petition against Defendants LYFT, INC. and Lalo Bajo, in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) together with Plaintiff's costs incurred herein, and for such other and further relief this Court deems just and proper under the circumstances.

**COUNT II**
**Plaintiff v. Defendant Lalo Bajo**
**(Negligence)**

25. Plaintiff hereby incorporate the above allegations by reference, as though fully set forth herein.

26. That at the time of the incident, Defendant Bajo, owed all members of the public, including Plaintiff, the highest duty of care.

27. The injuries and damages alleged by Plaintiff were directly and proximately caused by Defendant LYFT, INC., through the negligence committed by its agent and/or employee Defendant Bajo, in at least the following respects, to wit:

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

g. Defendant Bajo failed to exercise the highest degree of care to keep a careful lookout while operating his motor vehicle;

h. Defendant Bajo failed to exercise the highest degree of care when he failed to operate his motor vehicle at a safe speed;

i. Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the concrete median, he failed to swerve with an appropriate distance and speed to avoid the collision with the concert median;

j. Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the concrete median, he failed to stop, but failed to do so;

k. Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the curb, that he could have slackened speed, but failed to do so;

l. Defendant Bajo failed to exercise the highest degree of care when he failed to keep Defendants Lyft''s commercial vehicle from coming in contact with the curb, thereby injuring the Plaintiff, a restrained passenger;

28. That each and all of the aforesaid acts and violations of law by Defendant Bajo, both of commission and of omission, were negligent and constituted negligence.

29. That each and all of the aforesaid acts and violations of law by Defendant Bajo, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

30. That as a direct and proximate result of the aforesaid acts by Defendant Bajo, both

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

of omission and commission, Plaintiff suffered serious, painful, and permanent injuries, including but not limited to his head, neck, back, and right shoulder.

31. That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses.

32. That Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff MICHAEL HANCE prays this Court enter judgment in favor of Plaintiff on Count II of her Petition against Defendant Lalo Bajo, in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) together with Plaintiff's costs incurred herein, and for such other and further relief this Court deems just and proper under the circumstances.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Date April 22, 2026,

Respectfully Submitted,

*/s/ Gregory D. Vescovo, Jr*
Gregory D. Vescovo, Jr #63302
**Morgan & Morgan, P.A.**
200 N. Broadway, Suite 720
St. Louis, MO 63102
Tel: 314-955-1036
Fax: 314-955-1060
Email: gvescovo@forthepeople.com
**ATTORNEY FOR PLAINTIFF**