Case.net:26SL-CC03282 - MICHAEL HANCE V. LYFT, ET AL (E-CASE) - Docket Entries

| **Respond to Selected Documents** | Sort by date: Descending Ascending | Display options: All Entries ⌄

**06/15/2026**

**Alias Summons Issued**
Document ID: 26-SMOS-1474, for BAJO, LALO Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Alias Summons Issued**
Document ID: 26-SMCC-8174, for LYFT, INC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Other Proposed Document Filed**
Proposed Order for Alias Summons - Lyft.
   **Filed By:** GREGORY DAVID VESCOVO JR
   **On Behalf Of:** MICHAEL HANCE

**Motion Filed**
Motion for Alias Summons - Lyft.
   **Filed By:** GREGORY DAVID VESCOVO JR
   **On Behalf Of:** MICHAEL HANCE

**Notice**
Return of Non-Service - Lyft.
   **Filed By:** GREGORY DAVID VESCOVO JR
   **On Behalf Of:** MICHAEL HANCE

**Other Proposed Document Filed**
Proposed Order for Alias Summons - Lalo Bajo.
   **Filed By:** GREGORY DAVID VESCOVO JR
   **On Behalf Of:** MICHAEL HANCE

**Motion Filed**
Motion for Alias Summons - Lalo Bajo.
   **Filed By:** GREGORY DAVID VESCOVO JR
   **On Behalf Of:** MICHAEL HANCE

**Motion Special Process Server**
Request for Special Process Server.
   **Filed By:** GREGORY DAVID VESCOVO JR
   **On Behalf Of:** MICHAEL HANCE

**Notice**
Return of Non-Service - Lalo Bajo.
   **Filed By:** GREGORY DAVID VESCOVO JR
   **On Behalf Of:** MICHAEL HANCE

**Summons Returned Non-Est**
Document ID - 26-SMCC-6279; Served To - LYFT, INC.; Served Date - 06/15/2026; Served Time - 12:21:44; Service Type - SP; Reason Description - NEST; Service Text -

**Summons Returned Non-Est**
Document ID - 26-SMOS-1003; Served To - LALO BAJO; Served Date - 06/15/2026; Served Time - 12:21:09; Service Type - SP; Reason Description - NEST; Service Text -

**04/28/2026**

**Summ Issd- Circ Pers Serv O/S**
Document ID: 26-SMOS-1003, for BAJO, LALO Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**
Document ID: 26-SMCC-6279, for LYFT, INC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/22/2026**

**Judge Assigned**
DIV 1
**Filing Info Sheet eFiling**

   **Filed By:** GREGORY DAVID VESCOVO JR

<span style="color:red">**EXHIBIT B**</span>

**Motion Special Process Server**

Motion for Special Process Server.

    **Filed By:** GREGORY DAVID VESCOVO JR

    **On Behalf Of:** MICHAEL HANCE

**Pet Filed in Circuit Ct**

Petition.

    **Filed By:** GREGORY DAVID VESCOVO JR

    **On Behalf Of:** MICHAEL HANCE

Case: 4:26-cv-01035   Doc. #:  1-2    Filed: 06/26/26    Page: 2 of 56 PageID #: 13

Motion for Special Process Server.

**Filed By:** GREGORY DAVID VESCOVO JR

**On Behalf Of:** MICHAEL HANCE



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H. MAY | **Case Number:  26SL-CC03282** |
| Plaintiff/Petitioner:<br>MICHAEL HANCE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 |
| Defendant/Respondent:<br>LYFT, INC.<br><br>Nature of Suit:<br>CC Pers Injury-Vehicular | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

(Date File Stamp for Return)

**The State of Missouri to**: LALO BAJO
Alias:

**1320 DENISON DRIVE
APARTMENT C
SPRINGFIELD, IL  62704**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 15-JUN-2026 | /S/ MALIK WRIGHT-HAMILTON |
|---|---|
| Date | Clerk |

**Further Information:**
MWH

Case Number: 26SL-CC03282

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2. My official title is _____ of _____ County, _____ (state).

3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____(title).

☐ other: _____.

Served at _____ (address)

in _____ (County), _____ (state), on _____(date)

at _____ (time).

_____     _____
Printed Name of Officer or Server                            Signature of Officer or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month), _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

*(Seal)*

☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees**

Summons     $_____
Non Est     $_____
Mileage     $_____ (_____ miles @ $._____ per mile)
**Total**     **$_____**

See the following page for directions to officer making return on service of summons.

SJRC (12-24) SM60 (SMOS) *For Court Use Only:* **Document ID # 26-SMOS-1474** 2 of 3  26SL-CC03282          SCR 54.06, 54.07, 54.14, and 54.20; 506.500, 506.510 RSMo

Case Number: 26SL-CC03282

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03282 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL HANCE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 | |
| Defendant/Respondent:<br> LYFT, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

**The State of Missouri to:**    **LYFT, INC.**
**Alias:**
**CT CORPORATION**
**5661 TELEGRAPH ROAD STE. 4B**
**ST. LOUIS, MO  63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

|  15-JUN-2026  | /S/ MALIK WRIGHT-HAMILTON |
|---|---|
| Date | Clerk |

**Further Information:**
MWH

**Case Number: 26SL-CC03282**

### Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____     _____
Printed Name of Officer or Server               Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*     My commission expires: _____ _____
                                            Date                         Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.   The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.   The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act.
Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at
SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least
three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

**STATE OF MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**CIRCUIT COURT OF ST. LOUIS COUNTY**

| | | |
|---|---|---|
| **MICHAEL HANCE** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: 26SL-CC03282 |
| **v.** | ) | |
| | ) | Division: |
| **LYFT, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve:  CT Corporation | ) | |
| 5661 Telegraph Road | ) | |
| Ste. 4B | ) | |
| St. Louis, MO 63129 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **LALO BAJO** | ) | |
| | ) | |
| Serve: 1320 Denison Drive | ) | |
| Apartment C | ) | |
| Springfield, IL 62704 | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER FOR ALIAS SUMMONS

Upon review of Plaintiff's Motion for Alias Summons, the court hereby GRANTS the

motion. The Court asks the Clerk to issue the Summons for Defendant Lyft, Inc. and return to

Plaintiffs' counsel for service upon Defendant Lyft, Inc. via the Special Process Server Doug Shaw

with Research Specialist Inc.

                                                            _____

                                                            HONORABLE JUDGE ASSIGNED

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

**STATE OF MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**CIRCUIT COURT OF ST. LOUIS COUNTY**

| | | |
|---|---|---|
| **MICHAEL HANCE** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: 26SL-CC03282 |
| **v.** | ) | |
| | ) | Division: |
| **LYFT, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve:  CT Corporation | ) | |
| 5661 Telegraph Road | ) | |
| Ste. 4B | ) | |
| St. Louis, MO 63129 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **LALO BAJO** | ) | |
| | ) | |
| Serve: 1320 Denison Drive | ) | |
| Apartment C | ) | |
| Springfield, IL 62704 | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR ALIAS SUMMONS

COMES NOW Plaintiff Michael Hance by and through undersigned counsel, Gregory D. Vescovo, Jr. of Morgan & Morgan, P.A., and hereby requests An Alias Summons be issued to Defendant Lyft, Inc. in the above-referenced case at the address listed above. Service to be made on Defendant Lyft, Inc. by Doug Shaw with Research Specialist Inc. P.O. Box 1002 Ballwin, MO 63022; (314) 324-5351.

Dated: June 15, 2025

Respectfully Submitted,

**MORGAN & MORGAN**

*/s/ Gregory D. Vescovo, Jr.*
Gregory D. Vescovo, Jr. # 63302
200 N. Broadway, Suite 720

St. Louis, MO 63102
Tel: 314-955-1036
Fax: 314-955-1060
Email: gvescovo@forthepeople.com
**ATTORNEY FOR PLAINTIFFS**

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03282 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL HANCE | Plaintiff's/Petitioner's Attorney/Address<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 | |
| vs. | | |
| Defendant/Respondent:<br> LYFT, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

**The State of Missouri to:**   **LYFT, INC.**
                                  **Alias:**
                                  **CT CORPORATION**
                                  **5661 TELEGRAPH ROAD STE. 4B**
                                  **ST. LOUIS, MO  63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***



***ST. LOUIS COUNTY***

| 28-APR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

**Case Number: 26SL-CC03282**

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

X    Return non-est 06/15/2026

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
    Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*     My commission expires: _____ _____
                                              Date                          Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM



**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

**STATE OF MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**CIRCUIT COURT OF ST. LOUIS COUNTY**

| | | |
|---|---|---|
| **MICHAEL HANCE** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: 26SL-CC03282 |
| **v.** | ) | |
| | ) | Division: |
| **LYFT, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve:  CT Corporation | ) | |
|          5661 Telegraph Road | ) | |
|          Ste. 4B | ) | |
|          St. Louis, MO 63129 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **LALO BAJO** | ) | |
| | ) | |
| Serve: 1320 Denison Drive | ) | |
|          Apartment C | ) | |
|          Springfield, IL 62704 | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER FOR ALIAS SUMMONS

Upon review of Plaintiff's Motion for Alias Summons, the court hereby GRANTS the

motion. The Court asks the Clerk to issue the Summons for Defendant Lalo Bajo. and return to

Plaintiff's counsel for service upon Defendant Lalo Bajo via the Special Process Server Doug

Shaw with Research Specialist Inc.

_____
HONORABLE JUDGE ASSIGNED

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

**STATE OF MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**CIRCUIT COURT OF ST. LOUIS COUNTY**

| | | |
|---|---|---|
| **MICHAEL HANCE** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: 26SL-CC03282 |
| **v.** | ) | |
| | ) | Division: |
| **LYFT, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve: CT Corporation | ) | |
| 5661 Telegraph Road | ) | |
| Ste. 4B | ) | |
| St. Louis, MO 63129 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **LALO BAJO** | ) | |
| | ) | |
| Serve: 1320 Denison Drive | ) | |
| Apartment C | ) | |
| Springfield, IL 62704 | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR ALIAS SUMMONS

COMES NOW Plaintiff Michael Hance by and through undersigned counsel, Gregory D. Vescovo, Jr. of Morgan & Morgan, P.A., and hereby requests An Alias Summons be issued to Defendant Lalo Bajo in the above-referenced case at the address listed above. Service to be made on Defendant Lalo Bajo by Doug Shaw with Research Specialist Inc. P.O. Box 1002 Ballwin, MO 63022; (314) 324-5351.

Dated: June 15, 2025

Respectfully Submitted,

**MORGAN & MORGAN**

*/s/ Gregory D. Vescovo, Jr.*
Gregory D. Vescovo, Jr. # 63302
200 N. Broadway, Suite 720

St. Louis, MO 63102
Tel: 314-955-1036
Fax: 314-955-1060
Email: gvescovo@forthepeople.com
**ATTORNEY FOR PLAINTIFFS**

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

**In the**
# CIRCUIT COURT
## Of St. Louis County, Missouri

_MICHAEL HANCE_
Plaintiff/Petitioner

vs.

_LYFT and LALO BAJO_
Defendant/Respondent

_June 15, 2026_
Date

_26SL-CC03282_
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _____ MICHAEL HANCE _____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Doug Shaw, Research Specialist Inc. P.O. Box 1002 Ballwin, MO 63022 (314) 324-5351_
Name of Process Server                 Address                                          Telephone

_____
Name of Process Server                 Address or in the Alternative                    Telephone

_____
Name of Process Server                 Address or in the Alternative                    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
_LYFT, INC._
Name
_CT Corporation 5661 Telegraph Road, Suite 4B_
Address
_St. Louis, MO 63129_
City/State/Zip

SERVE:
_LALO BAJO_
Name
_1320 Denison Drive, Apartment C_
Address
_Springfield, IL 62704_
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _/s/ Malik Wright-Hamilton_
Deputy Clerk

_06/15/2026_
Date

_/s/ Gregory D. Vescovo, Jr._
Signature of Attorney/Plaintiff/Petitioner
_63302_
Bar No.
_200 N. Broadway, Ste. 720, St. Louis, MO 63102_
Address
_(314) 955-1036_          _(314) 955-1060_
Phone No.                          Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/19

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_MICHAEL HANCE_
Plaintiff/Petitioner

vs.

_LYFT and LALO BAJO_
Defendant/Respondent

_June 15, 2026_
Date

_26SL-CC03282_
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _____ MICHAEL HANCE _____, pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Doug Shaw, Research Specialist Inc. P.O. Box 1002 Ballwin, MO 63022 (314) 324-5351_
Name of Process Server                    Address                                      Telephone

_____
Name of Process Server          Address or in the Alternative                 Telephone

_____
Name of Process Server          Address or in the Alternative                 Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
_LYFT, INC._____
Name
_CT Corporation 5661 Telegraph Road, Suite 4B_
Address
_St. Louis, MO 63129_____
City/State/Zip

SERVE:
_LALO BAJO_____
Name
_1320 Denison Drive, Apartment C_
Address
_Springfield, IL 62704_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
    Deputy Clerk

_____
Date

_/s/ Gregory D. Vescovo, Jr._____
Signature of Attorney/Plaintiff/Petitioner
_63302_____
Bar No.
_200 N. Broadway, Ste. 720, St. Louis, MO 63102_
Address
_(314) 955-1036_          _(314) 955-1060_
Phone No.                              Fax No.

CCADM62-WS   Rev. 07/19

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)     Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)     The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)     Appointments may list more than one server as alternates.

(B)     The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)     Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)     No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)     Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)     This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/19

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H. MAY | **Case Number:  26SL-CC03282** |
| Plaintiff/Petitioner:<br>MICHAEL HANCE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 |
| Defendant/Respondent:<br>LYFT, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |

(Date File Stamp for Return)

**The State of Missouri to**: LALO BAJO
            **Alias:**

**1320 DENISON DRIVE**
**APARTMENT C**
**SPRINGFIELD, IL  62704**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| | |
|---|---|
| 28-APR-2026 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD

Case Number: 26SL-CC03282

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2. My official title is _____ of _____ County, _____ (state).

3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____(title).

☐ other: _____.
X
Return non-est 06/15/2026
Served at _____ (address)

in _____ (County), _____ (state), on _____(date)

at _____ (time).

_____     _____
Printed Name of Officer or Server                      Signature of Officer or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month), _____ (year).

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

*(Seal)*

☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees**

Summons   $_____
Non Est     $_____
Mileage     $_____ (_____ miles @ $._____ per mile)
**Total        $_____**

See the following page for directions to officer making return on service of summons.

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

Case Number: 26SL-CC03282

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**<u>Purpose of Notice</u>**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**<u>Your Rights and Obligations in Court Are Not Affected By This Notice</u>**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**<u>Alternative Dispute Resolution Procedures</u>**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - June 15, 2026 - 12:03 PM



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number:  26SL-CC03282 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL HANCE | Plaintiff's/Petitioner's Attorney/Address:<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 | |
| vs. | | |
| Defendant/Respondent:<br>LYFT, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

**The State of Missouri to**: **LALO BAJO**
**Alias:**

**1320 DENISON DRIVE**
**APARTMENT C**
**SPRINGFIELD, IL  62704**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 28-APR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Case Number: 26SL-CC03282

## Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2.  My official title is _____ of _____ County, _____ (state).

3.  I have served the above Summons by: (check one)

    ☐ delivering a copy of the summons and petition to the defendant/respondent.

    ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

    ☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____(title).

    ☐ other: _____.

Served at _____ (address)

in _____ (County), _____ (state), on _____(date)

at _____ (time).

_____    _____
Printed Name of Officer or Server              Signature of Officer or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month), _____ (year).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

*(Seal)*

☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees**

Summons   $_____
Non Est   $_____
Mileage   $_____ (_____ miles @ $._____ per mile)
**Total**   **$_____**

See the following page for directions to officer making return on service of summons.

SJRC (12-24) SM60 (SMOS) *For Court Use Only:* **Document ID # 26-SMOS-1003** 2 of 3  26SL-CC03282          SCR 54.06, 54.07, 54.14, and 54.20; 506.500, 506.510 RSMo

Case Number: 26SL-CC03282

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.   Often such services are most effective in reducing costs if used early in the course of a lawsuit.   Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.   The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.   The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029


SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | | Case Number:  26SL-CC03282 | |
|---|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL HANCE | | Plaintiff's/Petitioner's Attorney/Address<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 | |
| | vs. | | |
| Defendant/Respondent:<br> LYFT, INC. | | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | | |

**The State of Missouri to:**   LYFT, INC.
**Alias:**
**CT CORPORATION**
**5661 TELEGRAPH ROAD STE. 4B**
**ST. LOUIS, MO  63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***



***ST. LOUIS COUNTY***

| 28-APR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

**Case Number: 26SL-CC03282**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
   Printed Name of Officer or Server               Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*      My commission expires: _____ _____
                                    Date                    Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.   The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

**26SL-CC03282**

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

**In the**

# CIRCUIT COURT
**Of St. Louis County, Missouri**

__April 22, 2026__
Date

_____
Case Number

_____
Division

For File Stamp Only

MICHAEL HANCE
Plaintiff/Petitioner

vs.

LYFT INC.
Defendant/Respondent

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _____ MICHAEL HANCE _____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Doug Shaw, Research Specialist Inc. P.O. Box 1002 Ballwin, MO 63022 (314) 324-5351
Name of Process Server                    Address                                    Telephone

Meador Investigation 13337 Wabash Ave Springfield, IL 62704 (888) 688-9944
Name of Process Server                    Address or in the Alternative              Telephone

_____
Name of Process Server                    Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
LYT INC.
Name
5661 Telegraph Road Ste 4B
Address
St. Louis, MO 63129
City/State/Zip

SERVE:
LaLo Bajo
Name
1320 Denison Drive Apt C
Address
Springfield, IL 62704
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

/s/ Gregory D. Vescovo, Jr.
Signature of Attorney/Plaintiff/Petitioner
63302
Bar No.

By _____
   Deputy Clerk

200 N. Broadway, Ste. 720, St. Louis, MO 63102
Address
(314) 955-1036          (314) 955-1060
Phone No.                Fax No.

_____
Date

CCADM62-WS   Rev. 07/19

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/19

**26SL-CC03282**

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

April 22, 2026
Date

MICHAEL HANCE
Plaintiff/Petitioner

Case Number

vs.

LYFT INC.
Defendant/Respondent

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _____ MICHAEL HANCE _____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Doug Shaw, Research Specialist Inc. P.O. Box 1002 Ballwin, MO 63022 (314) 324-5351
Name of Process Server             Address                              Telephone

Meador Investigation 13337 Wabash Ave Springfield, IL 62704 (888) 688-9944
Name of Process Server             Address or in the Alternative        Telephone

_____
Name of Process Server             Address or in the Alternative        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
LYT INC.
Name
5661 Telegraph Road Ste 4B
Address
St. Louis, MO 63129
City/State/Zip

SERVE:
LaLo Bajo
Name
1320 Denison Drive Apt C
Address
Springfield, IL 62704
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____ /S/ Adam Dockery _____
Deputy Clerk

04/28/2026
Date

/s/ Gregory D. Vescovo, Jr.
Signature of Attorney/Plaintiff/Petitioner
63302
Bar No.
200 N. Broadway, Ste. 720, St. Louis, MO 63102
Address
(314) 955-1036          (314) 955-1060
Phone No.                Fax No.

CCADM62-WS   Rev. 07/19

Electronically Filed - St. Louis County - April 22, 2026 - 09:23 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/19

26SL-CC03282

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

**CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| **MICHAEL HANCE,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | Cause No.: |
| **v.** ) | |
| ) | Division: |
| **LYFT, INC.,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| Serve: CT Corporation ) | |
| 5661 Telegraph Road ) | |
| Ste. 4B ) | |
| St. Louis, MO 63129 ) | |
| ) | |
| And ) | |
| ) | |
| **LALO BAJO**, ) | |
| ) | |
| Serve: 1320 Denison Drive ) | |
| Apartment C ) | |
| Springfield, IL 62704 ) | |
| ) | |
| **Defendants.** ) | |

**PETITION**

COMES NOW, Plaintiff MICHAEL HANCE ("Plaintiff" or "Hance"), by and through his undersigned counsel, Gregory D. Vescovo, Jr. of Morgan & Morgan, P.A., and for his cause of action against Defendants, LYFT, INC.("Defendant" or "Lyft") and LALO BAJO ("Defendant" or "BAJO")(collectively "Defendants"), states to the Court as follows:

**PARTIES**

1.     At all times relevant hereto, Plaintiff Michael Hance was and is a citizen and resident of the State of Oklahoma.

2.     At all relevant times hereto, Defendant Lyft, Inc is a California corporation with its principal place of business located at 185 Berry St Suite 400 San Francisco, California 94107, and,

1

Electronically Filed - St. Louis County - April 22, 2026 - 09:23 AM

on information and belief, Defendant LYFT, INC., through its agents and/or employees, regularly conducted, transacted, and solicited business throughout the State of Missouri.

3.    At all times material hereto, Defendant Lalo Bajo was and is a citizen and resident of the State of Illinois, upon information and belief, was an agent or employee of Defendant LYFT, INC., operating within the course of his employment as an LYFT, INC. driver in the State of Missouri.

### VENUE AND PERSONAL JURISDICTION

4.    Venue is proper in the Circuit Court of St. Louis County pursuant to MO. REV. STAT. §508.010 because Plaintiff was first injured in St. Louis County.

5.    Jurisdiction is proper over the Defendants in the State of Missouri pursuant to at least MO. REV. STAT. §506.500 because Defendant committed tortious acts herein described within the State of Missouri.

6.    Defendant Lalo Bajo is a citizen and resident of the State of Missouri, and as such, Defendants are prohibited from removing this action to federal court under 28 U.S.C §1441(b).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.    That on or about December 25, 2024, Defendant Bajo was operating a motor vehicle on westbound on Highway 40 in St. Louis County, Missouri.

8.    That on or about December 25, 2024, Plaintiff was a restrained passenger in the vehicle being operated by the Defendant Bajo in St. Louis County, Missouri.

9.    That at all times relevant hereto, Defendant Bajo was an agent and/or employee of LYFT, INC., acting within the course and scope of his employment with LYFT, INC.

10.    That the motor vehicle being operated by Defendant Bajo is owned by Defendant Bajo and operated at the direction and benefit of Defendant LYFT, INC..

2

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

11.    That the motor vehicle was traveling in, was being operated in a generally western direction on Highway 40.

12.    That Highway 40 is a public thoroughfare which passes through, among other areas, in St. Louis County, Missouri.

13.    That Defendant Bajo failed to keep a proper lookout, failed to slacken his speed, of the vehicle in which Plaintiff was a restrained passenger in, and lost control, spun three times and collided with a concrete median.

14.    That Plaintiff did not have a chance to avoid the collision due to its sudden and unforeseeable nature, and the aforementioned events occurred with no negligence on the part of Plaintiff, as Plaintiff was a restrained passenger in the vehicle that Defendant Bajo was operating.

**COUNT I**
**Plaintiff v. LYFT, INC.**
**(Negligence  -- Respondeat Superior)**

15.    Plaintiff hereby incorporate the above allegations by reference, as though fully set forth herein.

16.    That at the time of the incident, Defendant Bajo was, upon information and belief, an agent and/or employee of Defendant LYFT, INC. at the time of the collision, and, as such, Defendant LYFT, INC. is liable for the negligent acts and omissions of Defendant Bajo under the theory of respondeat superior.

17.    That Defendant LYFT, INC. negligently hired, retained, trained, and supervised Defendant Bajo.

18.    That the time of the incident, Defendant LYFT, INC., through its agent and/or employee Defendant Bajo, owed all members of the public, including Plaintiff, the highest duty of care.

3

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

19.     That the injuries and damages alleged by Plaintiff were directly and proximately caused by Defendant LYFT, INC., through the negligence committed by its agent and/or employee Defendant Bajo, in at least the following respects, to wit:

   a.     Defendant Bajo failed to exercise the highest degree of care to keep a careful lookout while operating his motor vehicle;

   b.     Defendant Bajo failed to exercise the highest degree of care when he failed to operate his motor vehicle at a safe speed;

   c.     Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the curb, he failed to swerve with an appropriate distance and speed to avoid the collision with the curb;

   d.     Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the concrete median, he failed to stop, but failed to do so;

   e.     Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the concrete median, that he could have slackened speed, but failed to do so;

   f.     Defendant Bajo failed to exercise the highest degree of care when he failed to keep Defendant Lyft's commercial vehicle from coming in contact with the concrete median, thereby injuring the Plaintiff, a restrained passenger;

20.     That each and all of the aforesaid acts and violations of law by Defendant Bajo, both of commission and of omission, were negligent and constituted negligence.

21.     That each and all of the aforesaid acts and violations of law by Defendants, both of

4

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

22.     That as a direct and proximate result of the aforesaid acts by Defendants, both of omission and commission, Plaintiff suffered serious, painful, and permanent injuries, including but not limited to his head, neck, back, and right shoulder.

23.     That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses.

24.     That Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff MICHAEL HANCE prays this Court enter judgment in favor of Plaintiff on Count I of his Petition against Defendants LYFT, INC. and Lalo Bajo, in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) together with Plaintiff's costs incurred herein, and for such other and further relief this Court deems just and proper under the circumstances.

**<u>COUNT II</u>**
**Plaintiff v. Defendant Lalo Bajo**
**(Negligence)**

25.     Plaintiff hereby incorporate the above allegations by reference, as though fully set forth herein.

26.     That at the time of the incident, Defendant Bajo, owed all members of the public, including Plaintiff, the highest duty of care.

27.     The injuries and damages alleged by Plaintiff were directly and proximately caused by Defendant LYFT, INC., through the negligence committed by its agent and/or employee Defendant Bajo, in at least the following respects, to wit:

5

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

g.      Defendant Bajo failed to exercise the highest degree of care to keep a careful lookout while operating his motor vehicle;

h.      Defendant Bajo failed to exercise the highest degree of care when he failed to operate his motor vehicle at a safe speed;

i.      Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the concrete median, he failed to swerve with an appropriate distance and speed to avoid the collision with the concert median;

j.      Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the concrete median, he failed to stop, but failed to do so;

k.      Defendant Bajo failed to exercise the highest degree of care when, knowing that there was a reasonable likelihood of collision with the curb, that he could have slackened speed, but failed to do so;

l.      Defendant Bajo failed to exercise the highest degree of care when he failed to keep Defendants Lyft''s commercial vehicle from coming in contact with the curb, thereby injuring the Plaintiff, a restrained passenger;

28.     That each and all of the aforesaid acts and violations of law by Defendant Bajo, both of commission and of omission, were negligent and constituted negligence.

29.     That each and all of the aforesaid acts and violations of law by Defendant Bajo, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

30.     That as a direct and proximate result of the aforesaid acts by Defendant Bajo, both

6

Electronically Filed - St Louis County - April 22, 2026 - 09:23 AM

of omission and commission, Plaintiff suffered serious, painful, and permanent injuries, including but not limited to his head, neck, back, and right shoulder.

31.     That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses.

32.     That Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff MICHAEL HANCE prays this Court enter judgment in favor of Plaintiff on Count II of her Petition against Defendant Lalo Bajo, in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) together with Plaintiff's costs incurred herein, and for such other and further relief this Court deems just and proper under the circumstances.

**PLAINTIFF REQUESTS TRIAL BY JURY.**


Date April 22, 2026,                          Respectfully Submitted,

                                              */s/ Gregory D. Vescovo, Jr*
                                              Gregory D. Vescovo, Jr #63302
                                              **Morgan & Morgan, P.A.**
                                              200 N. Broadway, Suite 720
                                              St. Louis, MO 63102
                                              Tel: 314-955-1036
                                              Fax: 314-955-1060
                                              Email: gvescovo@forthepeople.com
                                              **ATTORNEY FOR PLAINTIFF**